OLE A. FINNES v. SELOVER, BATES & COMPANY.[1]

November 15, 1907.

Nos. 15,326—(74).

**Foreign Real Estate—Lex Loci Contractus.**

Where a contract is made in one state for the purchase of real estate located in another state, and the money is to be paid in the state in which the contract is made, the lex loci contractus governs as to the rights of the parties growing out of a breach of the contract.

[1] Reported in 113 N. W. 883.

**Same—Notice of Cancellation.**

> A contract executed in Minnesota for the purchase of real estate in Colorado contained a provision that the contract should be void upon default .by the purchaser in making the payments at the stipulated time. *Held*, notwithstanding such provision, chapter 223, Laws 1897, required the seller to give the statutory notice.

> It appears from the complaint that no such notice was served, and that no forfeiture of the contract had been declared at the time the purchaser made tender of the amount then overdue. The. complaint states a cause of action.

Action in the district court for Hennepin county to recover $4,377.60 damages for failure to perform the conditions of two certain contracts. From an order, John Day Smith, J., overruling defendants' demurrer to the complaint, defendant Selover, Bates & Company appealed. Affirmed.

*Arthur W. Selover,* for appellant.

*S. R. Child* and *Benj. Drake,* for respondent.

LEWIS, J.

Demurrer to the complaint in an action brought to recover damages for failure on the part of appellant, as the seller, to carry out the provisions of two certain contracts for the sale of real estate. The contract which is the basis of the first cause of action provided that the purchaser should pay for the real estate in annual instalments, and contained a provision that the contract should become null and void upon failure of the purchaser to make the payments as in the contract provided; time being of the essence of the contract. The other contract, the subject of the second cause of action, contained the provision that, upon failure of the purchaser to make the payments as provided by contract, then the contract should, at the option of the seller, become null and void. The complaint alleges that, although there was some delay in making the payments as required by the contract, appellant waived the same, and that the purchaser made due tender of the amounts due before his rights under the terms of the contract were forfeited by any action taken on the part of the appellant. So far as the complaint discloses, the only steps which appellant took to declare

a forfeiture of the rights of the purchaser, were: First. A letter addressed to the purchaser in the following language:

> Please send your September payment on both contracts of Colorado land to the Minnesota Loan & Trust Company by return mail, with seven per cent. interest on the amount from the date it fell due until the date you send it. Please do this at once in order to keep your contracts in good standing. Also write us by same mail, stating that you have done so.

Second. The payment not having been made, thirteen days later appellant served upon the purchaser notice of the forfeiture of both contracts. Appellant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

On the argument, the discussion took wide scope and covered the sufficiency of the complaint to state a waiver of the time fixed for payments, and, if the statutory notice was not required, whether the notice served was sufficient to declare the contracts forfeited. It appears from the complaint that the notice above referred to was not such as required by chapter 223, p. 431, Laws 1897, in force at the time the contracts were executed. The provisions of that act provided that a contract for the purchase of real estate could not be cancelled, except upon notice by the seller in accordance with the statute. This statute applies to all contracts of purchase, but not to mere options. Joslyn v. Schwend, 85 Minn. 130, 88 N. W. 410; 744. The contracts under consideration were contracts of purchase. Both the purchaser and seller were bound by the terms thereof, and the provision in the first contract to the effect that it should become void upon failure of the purchaser to make the payments as required did not have the effect to remove the contracts from the operation of the statute, and hence statutory notice was required before a forfeiture could be declared.

Although the land in question was situated in the state of Colorado, the contract was executed in this state, and appellant was a corporation duly created and existing under and by virtue of the laws of this state, and was located and transacting business in the city of Minneapolis. The payments mentioned in the contract were required to be made at the company's office in Minneapolis. The fact that the land was situated in the state of Colorado did not relieve appellant from

the operation of the statute above referred to. Upon a repudiation of the contracts by the seller, two courses of action were open to the purchaser: He might stand by the contract and seek to recover the land, or he could declare upon a breach of the contract and recover the amount of his damages. If he elected to pursue the land, the courts of Colorado alone could give him relief. He has elected to seek redress in damages for a breach of the contract; hence the courts of this state are open to him for that purpose. This is the general rule. Where a contract is made in one state for the purchase of land located in another state, and the money is to be paid in the state in which the contract is made, the lex loci rei sitæ will govern as to the title of the land, and the lex loci contractus as to the rights of the parties under the contract. 1 Wharton, Confl. Laws, 616; Story, Confl. Laws (8th Ed.) 591.

Affirmed.