## STATE BANK OF MILAN v. GEORGE S. SYLTE.[1]

February 6, 1925.

No. 24,442.

**Objection to nonpayment of mortgage registry tax made too late.**

1. An objection that a contract for the sale of real estate is unenforceable for the nonpayment of the mortgage registry tax comes too late when made for the first time by an objection to the entry of judgment.

**Statutory notice of cancelation of sale of real estate does not exclude action to foreclose.**

2. Section 8081, G. S. 1913, providing that the vendor may cancel a contract for the sale of land by notice, is not exclusive of the remedy by action. The statutory remedy, while in the nature of a strict foreclosure, is cumulative and not exclusive of a strict foreclosure by action.

*Headnote 1. See Appeal and Error, 3 C. J. p. 745, § 638.
Headnote 2. See Vendor and Purchaser, 39 Cyc. p. 1383 (1926 Anno).

[1]Reported in 202 N. W. 70.

Action in the district court for Chippewa county to obtain possession of certain farm lands. The case was tried before Qvale, J., who found that upon payment of $14,508.08 defendant was entitled to a conveyance of the premises, subject to unpaid taxes. From the interlocutory judgment of March 29, 1924, and of the final judgment of August 26, 1924, decreeing plaintiff to be the owner in fee of the land, defendant appealed. Affirmed.

*Theodor S. Slen* and *Ewing & Acton*, for appellant.

*Bert O. Loe*, for respondent.

STONE, J.

This action involves a farm and defendant appeals from a judgment, the effect of which is to determine that the relationship between plaintiff and himself is that of vendor and vendee rather than mortgagor and mortgagee. The facts seem to be stated fully by the findings and the evidence is not before us.

Discussion of the facts is not called for. The conclusion reached below that the parties were vendor and vendee rather than mortgagor and mortgagee cannot be assailed in the absence of the evidence. The findings sustain the conclusion, as a matter of law, that the controlling contract was one of sale and for a conveyance and not a mortgage. There is no claim of fraud, over-reaching or other inequitable conduct on the part of plaintiff. The claim that the mortgage registry tax has not been paid on the contract in question is not now open to defendant, because it is an obvious afterthought. The point was not even suggested, so far as the record shows, until after the trial and then only by an objection to the entry of final judgment.

The one issue requiring discussion arises because, having determined the character of the contract and the amount due from defendant to plaintiff, the trial court by an interlocutory judgment gave defendant six months wherein to make payment and take his deed. He did not do so and in consequence, a final judgment followed barring him from further right or interest and quieting title and the right to immediate possession in plaintiff. In other words, there has been an equitable strict foreclosure of defendant's rights

as vendee. There has been no attempt to cancel his contract by notice under our statute.

The argument for defendant is that the statute, section 8081, G. S. 1913, G. S. 1923, § 9576, provides for the vendor a remedy of cancelation and strict foreclosure which is exclusive of all other methods, including the action in equity. The statute so far as material reads as follows:

"When default has been made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser, his personal representatives or assigns, a notice specifying the conditions in which default has been made, and stating that such contract will terminate thirty days after the service of such notice unless prior thereto the purchaser shall comply with such conditions and pay the costs of service. Such notice must be given notwithstanding any provisions in the contract to the contrary, and shall be served in the same manner as a summons in the district court. * * * If within the time mentioned the person served complies with such conditions and pays the costs of service, the contract shall thereby be reinstated; but otherwise shall terminate."

Of course, if by his own act and unaided by litigation, a vendor desires to cancel, he must follow the statute. Lamprey v. St. P. & C. Ry. Co. 89 Minn. 187, 94 N. W. 555; Finnes v. Selover, Bates & Co. 102 Minn. 334, 113 N. W. 883; Chapman v. Propp, 125 Minn. 447, 147 N. W. 442; Mathwig v. Ostrand, 132 Minn. 346, 157 N. W. 589; Needles v. Keyes, 149 Minn. 477, 184 N. W. 33; Ballard v. Friedman, 151 Minn. 493, 187 N. W. 518. That result follows from the obvious purpose of the statute and is referable particularly to the requirement of notice, "notwithstanding any provisions in the contract to the contrary."

It does not follow, however, and we have never held that the statute is exclusive of the vendor's right of action against a defaulting vendee for specific performance on the one hand or, on the other, for a judicial termination of the contract. In Needles v.

Keys, supra, will be found the carefully guarded statement that what the statute does is to take away "from the vendor the power to cancel the contract arbitrarily for the default of the vendee. It prescribes the only way in which the vendor may, by his own act, terminate the contract and thereby forfeit the rights of the vendee thereunder." That is far from holding that the statute has done away with the vendor's right to proceed by action, a result which cannot be attached to any of the decisions above cited without distortion of their general language, brought about by ignoring its context and obviously limited application.

There being nothing in the statute requiring it, a holding that it destroyed the remedy by action would not only have to rest on sheer and unnecessary implication, but it would be a perversion of the purpose of the statute to protect the vendee—to prevent the deprivation "of his rights in the property without a definite notice of cancelation." Mathwig v. Ostrand, supra. The procedure by action is better for the vendee and gives him much more opportunity to protect his rights than the statutory cancelation.

Long established and valuable remedies are abrogated by statute only by "specific enactment or necessary implication." Donnelly v. Minneapolis Mnfg. Co. 161 Minn. 240, 201 N. W. 305, quoting from King v. Viscoloid Co. 219 Mass. 420, 106 N. E. 988, Ann Cas. 1916D, 1170. It is a rule to be applied cautiously but nevertheless unfalteringly whenever valuable rights themselves need protection, that a statute in derogation of a well established and salutary principle of the common law, or of equity, will not be extended by construction "beyond its most obvious import." Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89. "Statutes are enacted * * * with regard to the existing principles of the common law and of equitable jurisprudence, and should be so construed as to harmonize with the existing body of law, unless the intention to change or repeal it is apparent." Washburn v. Van Steenwyk, 32 Minn. 336 (349), 20 N. W. 324, 326. See 25 R. C. L. 1058.

The case in hand is clearly one for the application of that rule. The legislature has not expressly abolished the action to foreclose the rights of the vendee. The vendor's right to resort to it is not

inconsistent with the new remedy created by the statute. They may exist together and the vendor may elect which to pursue. There is no repugnancy at all and nothing to indicate a legislative intention, by creation of a new remedy, to do away with the old. The statute speaks with language that is permissive of the new and not at all exclusive of the old.

The argument of expediency is not controlling but it is interesting to note that, if the statute were exclusive of the remedy by action, a vendor, to whom there was due from the vendee an unliquidated amount, would be required first to have the sum due him ascertained by action, and then, the court being powerless to go farther and by its judgment fix the terms of performance by the vendee, the action would have to stop and the vendee then would serve his notice. A result so indefensible cannot be permitted to rest on implication, particularly on one that is unnecessary.

Judgment affirmed.