IN RE COMPENSATION FOR FRANE CACIJE.
THOMAS H. STRIZICH v. ZENITH FURNACE COMPANY.[1]

March 8, 1929.

No. 27,158.

[1]Reported in 223 N. W. 926.

[redacted]

*Gannon & Strizich,* for relator.

*Washburn, Bailey & Mitchell,* for respondent.

OLSEN, C.

Certiorari to review an order of the district court in a workmen's compensation matter.

Frane Cacije was accidentally killed while in the employ of the respondent, Zenith Furnace Company, on December 23, 1913. An administrator was appointed. A voluntary settlement was made between the administrator and the respondent for payment of compensation at the rate of $7.20 per week for 300 weeks. The settlement was approved by the district court on March 23, 1914. Cacije's dependents were his wife and three minor children. These dependents now reside in Europe. Since the settlement there have been two formal substitutions of administrators or representatives for the dependents, the last one being in October, 1923, when the present petitioner, Thomas H. Strizich, was so substituted. Respondent paid the agreed compensation to the administrators for 169 weeks, up to March 20, 1917. No compensation has since been paid. On

or about July 18, 1928, the relator, the present representative, by petition and motion, applied to the district court for an order for entry of judgment against respondent for the amount of compensation unpaid under the settlement since March 20, 1917, being compensation at the rate of $7.20 per week for 131 weeks.

Respondent answered and set up the one-year limitation of L. 1915, p. 294, c. 209, § 20A, and the general limitation of six years in G. S. 1923, § 9191, as barring the application. The court held that the application was barred under either paragraph (1) or (2) of said section and dismissed the proceeding.

■ The object of the workmen's compensation law, in addition to creating a new right of compensation for injuries, is to provide a speedy and simple procedure for recovery of such compensation. It provides a simple method for that purpose, operating without delay or unnecessary formality. Gould's Case, 215 Mass. 480, 102 N. E. 693, Ann. Cas. 1914D, 372; Reck v. Whittlesberger, 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C, 771. The policy of this law is to hasten not to delay proceedings thereunder. The proceeding comes within the meaning of the term "action" in that it is a pursuit of a money recovery in a court or tribunal of justice. Pigeon's Case, 216 Mass. 51, 102 N. E. 932, Ann. Cas. 1915A, 737. The proceeding for obtaining judgment by application and motion is in effect a short method for bringing an action for the recovery of money. If no such procedure had been provided, it is clear that the claimant could have brought an ordinary action to recover payments in default. The procedure provided is but a substitute for such an action. G. S. 1923, § 9283, permitting relief from judgments within one year, applies in workmen's compensation cases. State ex rel. Klemer v. District Court, 134 Minn. 189, 158 N. W. 825. The findings by the court or industrial commission stand on the same footing as the findings of the judge or jury in ordinary actions. State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009.

The compensation act of 1913 contains no express limitation as to the time within which either a proceeding for compensation or an

application for judgment for default in payment shall be made, but the several provisions therein for short notice and prompt hearing and determination of all disputes clearly show the policy of the law to be to hasten and not to delay proceedings thereunder. The legislature, in passing a new law, is presumed to have acted with due deliberation and with knowledge of and due regard for existing laws. State ex rel. County of Stearns v. Klasen, 123 Minn. 382, 143 N. W. 984, 49 L.R.A.(N.S.) 597. It is reasonable to presume that the legislature, in passing a statute, did not intend to interfere with or abrogate any prior relevant law unless the new law expressly so provides or covers the same subject and differs from or is repugnant to the older law. Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614.

New laws should if possible be construed so as to harmonize with the existing body of law. Washburn v. Van Steenwyk, 32 Minn. 336, 349, 20 N. W. 324; State Bank of Milan v. Sylte, 162 Minn. 72, 202 N. W. 70.

G. S. 1923, § 9191(1), provides that actions upon a contract or other obligation, express or implied, *as to which no other limitation is expressly prescribed,* shall be commenced within six years after the cause of action accrues. This statute has been in force since long before the 1913 workmen's compensation act was adopted. It is a reasonable inference that, when the legislature passed the act of 1913 without any limitation therein, the lawmakers had in mind the general statute of limitations and left the matter of limitations to be governed by the existing law.

A proceeding under the workmen's compensation act is in the nature of a special proceeding. The courts are divided on the question whether a general limitation law applies to special proceedings, but in this state no distinction has been made between special proceedings and ordinary actions in applying the statute. While in terms applicable only to actions, the limitation statute is applied to all proceedings that are analogous in their nature to actions, so as to make the right sought to be enforced, and not the form of procedure, the test. The general statute applies to cases analogous

in their nature, for which a remedy unknown to common law has been provided. 4 Dunnell, Minn. Dig. (2 ed.) § 5597; County of Redwood v. Winona & St. P. L. Co. 40 Minn. 512, 41 N. W. 465, 42 N. W. 473.

Proceedings to enforce taxes are in the nature of special proceedings. The general statute of limitations is held to apply. County of Redwood v. Winona & St. P. L. Co. 40 Minn. 512, 41 N. W. 465, 42 N. W. 473; Pine County v. Lambert, 57 Minn. 203, 58 N. W. 990; State v. Sage, 75 Minn. 448, 78 N. W. 14; Bristol v. Washington County, 177 U. S. 133, 20 S. Ct. 585, 44 L. ed. 701.

The proceeding here is one to recover a money debt upon a legal contract or obligation to pay. It is analogous to a common law action for debt. Again, the provision that the limitation shall apply to all actions upon contract or other obligation, express or implied, "as to which no other limitation is expressly prescribed," gives this section a broader application than other sections of the law.

The conclusion reached is that G. S. 1923, § 9191(1), applies to a proceeding to obtain judgment for past due compensation under the workmen's compensation law when no other limitation is prescribed.

■ The approval of the settlement by the district court was not a judgment, otherwise no application for judgment would be required. Hence the proceeding is not an action upon a judgment.

■ The last payment of compensation was due as early as September, 1919. Even if the period of our participation in the war be excluded, for which there is no showing, more than six years had expired from the time the cause of action accrued.

In Johnson v. Iverson, 175 Minn. 319, 221 N. W. 65, 222 N. W. 508, the six-year limitation had not expired and was not considered. We found no other statute barring the application. Other cases in this court cited by relator do not pass upon the question now presented.

Under our prior decisions, L. 1915, p. 285, c. 209, does not apply.

Writ discharged.