## DES MOINES SAVINGS BANK & TRUST COMPANY AND ANOTHER v. JOSEPH EISENMENGER AND OTHERS.[1]

March 6, 1931.

No. 28,352.

*Karl L. Rudow* and *Bedell & Bedell,* for appellants.

*Fowler, Carlson, Furber & Johnson* and *Ralph H. Comaford,* for defendant Farmers State Bank of Sherburn, Inc. respondent.

STONE, J.

In this action to foreclose a first mortgage, plaintiffs got a decree by default March 13, 1929. A sale of the premises, a Martin county farm, was had and confirmed by order April 27, 1929. Later a motion was made by Farmers State Bank of Sherburn, Inc. one of the defendants, which held a mortgage junior to that of plaintiffs, for an order vacating the decree and permitting it to appear and defend the action on the merits. The only purpose was to enable

[1]Reported in 235. N. W. 390.

the mover to assert and protect a lien for taxes on the mortgaged premises, which it had purchased at a delinquent tax sale before this action was commenced. The motion was granted, and the issues framed between plaintiffs and Farmers State Bank of Sherburn (hereinafter referred to as though it were the only defendant) were tried. The decree of foreclosure was not vacated but modified so as to give defendant a lien, superior to that of plaintiffs' mortgage, for the taxes it had purchased. Plaintiffs' motion for a new trial was denied, and they appeal.

The delinquent taxes in question, with interest, amounted to $3,622.19 as of April 27, 1929, when plaintiffs bid in the property for the full amount of their lien, including interest and costs. At the trial they claimed that had defendant's tax lien been asserted in the action in time to be confirmed by the decree they would have purchased at a correspondingly lower figure. That is, plaintiffs would have paid $3,622.19 less than they did, and for that amount would have been entitled to and could have procured against the mortgagors a deficiency judgment accordingly. But at the trial, according to the findings, the mortgagors "consented, in writing, that judgment be entered against them, in favor of plaintiff," for the precise amount for which plaintiffs claim that their bid was excessive, and plaintiffs now have the same deficiency judgment against the mortgagors that they might have procured earlier. In other words, plaintiffs are in the identical position they would have occupied had their bid been less, by the amount of defendant's tax lien, than the sum for which they purchased. There has been no redemption; so plaintiffs get title subject only to defendant's lien for taxes.

■ The original decree was opened to let in defendant on the ground of excusable inadvertence. The error, induced by erroneous advice of earlier counsel, who frankly assume the responsibility, was the assumption that defendant, having purchased the delinquent taxes, could perfect, in the ordinary, statutory method, a tax title superior to plaintiffs' mortgage, and that in no event could its rights in that respect be prejudiced in this action to foreclose that

mortgage. The error lay in assuming that one mortgagee can acquire a tax title to the exclusion of another. Companion to that was the equally mistaken notion that defendant's rights as holder of the tax certificate could not be cut off by the decree even though it did not assert them by answer.

The courts are not in accord (see annotation, L. R. A. 1917D, 522) but in 1898 in Norton v. Metropolitan L. Ins. Co. 74 Minn. 484, 77 N. W. 298, 539, it was settled here that it is as much the duty of one mortgagee as of another to pay taxes, and that in consequence one purchasing at a tax sale cannot acquire a tax title to the exclusion of another mortgagee, but at best has only a right of reimbursement, to be protected if need be by an equitable lien. Successive mortgagees were thereby put in the same category, equitably, in respect to tax payments by them, as tenants in common. One of the cases cited in support is Connecticut M. L. Ins. Co. v. Bulte, 45 Mich. 113, 7 N. W. 707, 710, where Judge Cooley clearly justified the conclusion. (See also 19 R. C. L. 401; 41 C. J. 641.)

The whole point is that as between mortgagees of the same property any purchase of taxes by one is considered in equity a payment merely. As Judge Cooley put it [45 Mich. 122] inasmuch as "each mortgagee has the same interest in making payment of the tax, and the same right to do so, and the same means of compelling repayment, it may well be held that a purchase by one shall not be suffered to cut off the right of the other, because it is based as much upon his own default as upon that of the party whose lien he seeks to extinguish. It is as just and as politic here as it is in the case of tenants in common, to hold that the purchase is only a payment of the tax." So where one mortgagee claims or gets the benefit of such a payment by another, it is incumbent on him in the adjustment of the resulting equities to "do what is equitable."

On the merits therefore the decision below was right in subordinating plaintiffs' title to the lien of defendant to secure reimbursement to the latter for the taxes. Plaintiffs having been fully protected, having been put in the same position they would have

occupied had defendant's tax lien been asserted at the outset and confirmed by the original decree, as it must have been, it is plain not only that there was no abuse of discretion but that the learned trial judge exercised an obviously sound discretion in adjusting the matter as he did.

■ Several subsidiary points are made for plaintiffs which have been considered but found hardly worthy of discussion. Among others is the claim that G. S. 1923, § 9632, as amended, 2 Mason, 1927, id. gives to a junior mortgagee, in respect to his payment of taxes, an exclusive remedy. The substance of the statute is that a junior mortgagee may pay, not only taxes or assessments upon which a penalty would otherwise accrue, but also in a proper case insurance premiums and defaulted principal or interest of a prior mortgage, and that all sums so paid shall become "a part of the debt secured by such junior mortgage." As to taxes, that statute added little, if anything, to the remedy of the junior mortgagee. It did not take away any of his equitable rights. Minneapolis Inv. Co. v. National Sec. Inv. Co. 178 Minn. 50, 226 N. W. 189. Long established and wholesome remedies are abrogated by statute only by "specific enactment or necessary implication." State Bank v. Sylte, 162 Minn. 72, 75, 202 N. W. 70, and cases cited.

Order affirmed.