**In the Matter of WAGE AND HOUR VIO-LATIONS OF HOLLY INN, INC., d/b/a/ La Fonda de Acebo, 1665 Sibley Memorial Highway, Eagan, Minnesota 55121.**

No. CX–85–1899.

Court of Appeals of Minnesota.

April 29, 1986.

Michael M. Hupp, McGill, Koley, Parsonage & Lanphier, P.C., Omaha, Neb., Frank Vogl, James P. Michels, Best & Flanagan, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Lori Mittag, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Shirley A. Brantingham, St. Paul, for amicus curiae Minnesota Ass'n of Commerce and Industry.

Heard, considered and decided by the court en banc, consisting of POPOVICH, C.J., and FOLEY, HUSPENI, FORSBERG, LESLIE, NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Holly Inn, Inc., doing business as La Fonda de Acebo ("La Fonda"), appeals from a determination by the commissioner of labor and industry that several former employees were entitled to restitution under the minimum wage laws. We reverse.

## FACTS

The Minnesota Department of Labor and Industry ("Department") received complaints from two former waitresses that La Fonda, a restaurant, had violated the minimum wage laws. An investigation and audit revealed that during the period of March 1, 1982 through March 1, 1984, tipped employees of La Fonda were paid only $2.68 per hour, instead of the minimum wage of $3.35 per hour, and were required to share their tips in violation of state law. La Fonda justified the lower wage upon the grounds that it was claiming a statutory "tip credit" that, under certain conditions, allowed an employer to pay tipped employees less than the minimum wage.

The investigation also revealed that La Fonda required employees to pay for losses due to walk-outs, unsigned charges and other shortages, in violation of a Department rule.

The Department determined that La Fonda had not been entitled to the tip credit during the relevant time period and issued an order requiring La Fonda to pay to its former employees the loss/shortage payments it had withheld and the difference between $2.68 per hour and $3.35 per hour. When La Fonda refused to comply with the order, a contested case hearing was scheduled.

At the hearing it was revealed that during the period in question, La Fonda had a "two waitress" system, whereby each table in the restaurant would generally be serviced by both a cocktail waitress and a food waitress. Any tip left by a customer that was not specifically designated for a particular waitress would be shared by the two waitresses according to a generally known formula. In addition, the waitresses shared tips with the busboys and the bartender if there was no cocktail waitress, and the cocktail waitresses shared their tips with the bartenders. It was disputed whether this tip-sharing policy was mandated by management.

There was also testimony offered concerning the employees' responsibility to pay for losses due to walk-outs, unsigned charges and other shortages.

The administrative law judge found that tip pooling or sharing was a condition of employment and that La Fonda had participated in the sharing of gratuities. The administrative law judge also found that La Fonda required its employees to pay for shortages and losses. The commissioner affirmed the administrative law judge's findings, and ordered La Fonda to make restitution consisting of the difference between the wages paid and the minimum wage. La Fonda has appealed.

## ISSUES

1. Is this proceeding governed by the two year statute of limitations contained in Minn.Stat. § 541.07(5) (1984)?

2. Are the commissioner's findings of fact supported by substantial evidence in the record?

3. Did the commissioner's order exceed the Department's statutory authority?

## ANALYSIS

■ 1. La Fonda urges this court to conclude that the two year statute of limitations found in Minn.Stat. § 541.07(5) (1984) governs this proceeding and therefore bars at least a portion of the Department's claim. The statute provides that *"actions"* shall be commenced within two years "[f]or the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties * * *." Minn.Stat. § 541.07(5) (1984). This administrative proceeding, however, is not an "action" to which this statute of limitations is applicable.

Although the Minnesota Supreme Court has stated that statutes of limitation are applicable to all proceedings which are "analogous in their nature" to court actions, *Strizich v. Zenith Furnace Co.*, 176 Minn. 554, 557–58, 223 N.W. 926, 927 (1929), the court, much later and without citing *Strizich*, has held otherwise. *See*

*Har-Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 152–53, 218 N.W.2d 751, 754 (1974). In *Har-Mar*, the court stated that:

> Minn.St. 645.45(2) defines "action" as "any proceeding in any *court* of this state." (Italics supplied.). However, since our statute of limitations was in existence as early as 1927, and since the definitional statute enacted in 1941 expressly limits its application to laws thereafter enacted, it follows that this statutory definition is not controlling.

> \*     \*     \*     \*     \*     \*

> The few Minnesota cases which have attempted a common-law definition of the term "action" have restricted it to "the prosecution in a court of justice of some demand or assertion of right by one person against another." See, e.g., *Muirhead v. Johnson*, 232 Minn. 408, 412, 46 N.W.2d 502, 505 (1951). *It thus appears that § 541.05, both by statutory definition and at common law, was intended to be confined to judicial proceedings.*

*Id.* (emphasis supplied). The *Har-Mar* court concluded:

> Based upon the special nature of arbitration proceedings and both the statutory and common-law meaning of the term "action," we feel compelled to hold that § 541.05(1) was not intended to bar arbitration of Thorsen's fee dispute solely because such claim would be barred if asserted in an action in court.

*Id.* at 155, 218 N.W.2d at 755.

Whereas the *Strizich* decision regarding statutes of limitation has not been subsequently cited as controlling, this court has followed the *Har-Mar* reasoning. *See Spira v. American Standard Insurance Co.*, 361 N.W.2d 454, 457 (Minn.Ct.App.1985). In light of section 645.45(2), which continues to define "action" as "any proceeding in any *court* of this state," Minn.Stat. § 645.42(2) (1984) (emphasis supplied), and case law which continues to apply that same definition, we believe the general statute of limitations does not apply to this administrative proceeding.

■ The amicus argues that since an order for compliance issued by the commissioner may only be enforced by court order, the two year statute of limitations would not be tolled until the action to enforce were actually filed in district court. The amicus, therefore, argues that the statute of limitations would be shortened if this court holds that it should not be applied (but also is not tolled) during the administrative proceeding. Regardless of when a claim is made, however, the general two year statute would not begin to run until there has been an order issued by the commissioner, since the court action would be solely to enforce that order.

2. This court will reverse an agency's findings only if they are arbitrary and capricious or unsupported by substantial evidence. *See* Minn.Stat. § 14.69 (1984); *Cable Communications Board v. Nor-West Cable Communications Partnership*, 356 N.W.2d 658, 668 (Minn.1984). The Minnesota Supreme Court has defined "substantial evidence" as:

> 1. Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;
>
> 2. More than a scintilla of evidence;
>
> 3. More than some evidence;
>
> 4. More than any evidence; and
>
> 5. Evidence considered in its entirety.

*Id.* (citing *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 825 (Minn.1977)).

State law in 1984 provided as follows:

> For purposes of this chapter, any gratuity received by an employee or deposited in or about a place of business for personal services rendered by an employee is the sole property of the employee. No employer may require an employee to contribute or share a gratuity received by the employee with the employer or other employees or to contribute any or all of the gratuity to a fund or pool operated for the benefit of the employer or his employees. This section does not prevent an employee from voluntarily and individually sharing his gratuities with other employees. The agreement to

share gratuities must be made by the employees free of any employer participation.

Minn.Stat. § 177.24, subd. 3 (1984).

In addition, the rules promulgated by the Department provide that:

Tip pooling may not be a condition of employment. Tip sharing or pooling shall be on an individual person-to-person basis. Another employee who benefits because the recipient shares the gratuity with him or her shall not have such remuneration considered in the calculation of his or her wages.

Minn.R. 5200.0080, subp. 4 (1983).

The rules also provide that:

Deductions from the minimum wage, whether direct or indirect, may not be made for shortages in money receipts or merchandise, for the purchase or maintenance of uniforms, for spoilage, for breakage, for cash shortages or losses resulting from walkouts, bad checks, or robbery, or for fines for disciplinary purposes. These are considered matters separate from wages.

Minn.R. 5200.0090 (1983).

■ The record amply supports the determination by the commissioner that La Fonda violated the above statute and rules. There was ample evidence that La Fonda required waitresses to pay for shortages. With regard to the tip sharing requirement, there was evidence that the food waitresses were required to share their tips with the cocktail waitresses and the busboys, and that the cocktail waitresses were required to share their tips with the bartenders. One of the managers admitted that he had come up with the tip sharing method himself and that it was the "policy." He also testified that he had "threatened" or "strongly suggest[ed]" that the waitresses abide by the policy.

La Fonda argues that the tip "division" between the food waitresses and cocktail waitresses does not constitute tip "sharing" as contemplated by the statute. Although there is no definition of tip sharing provided by statute or rule, the legislature

has stated that in construing statutes, "[w]ords and phrases are construed according to rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08(1) (1984). The *American Heritage Dictionary*, in defining the term "share," uses the word "divide." *See American Heritage Dictionary* 1127 (2d ed.1982).

The object of statutory interpretation and construction "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1984). One of the purposes of the statutes here is to establish and safeguard minimum wage standards. *See* Minn.Stat. § 177.22 (1984). When an employer claims a tip credit, as here, the employee receives less than the minimum wage due to the fact that tips are received. When an employer requires that employees also share tips, there is a possibility that the employee may not receive the minimum wage.

■ The two-waitress system reduces the salaries of both waitresses due to the tip credit, but then requires them both to share the tips. This is clearly prohibited by Department rule, even if not clearly expressed in the statute. *See* Minn.R. 5200.-0080, subp. 4 (1983).

The reasoning of the administrative law judge on this point is persuasive:

Respondent is basically trying to expand the "main server" rule [allowing only the main server to be considered the recipient of a tip for purposes of wage calculation] to include two "main servers." They propose to pay both of these main servers less than the minimum wage and resolve inevitable difficulties over fair sharing of gratuities in a way that ensures them a "tip credit" for both.

Respondent might have been able to accomplish these goals legally by posting a sign and/or issuing directives indicating that the "main server" in each situation is the waitress providing most of the service and merely suggesting that the

employees voluntarily agree to divide gratuities on a percentage basis.

\* \* \* \* \* \*

Respondent can still have its preferred "two-waitress" system under the Minnesota rule by designating one as the "main waitress" and paying the other 67 cents more an hour.

Administrative interpretations may be considered when construing statutes. Minn.Stat. § 645.16(8) (1984). Indeed, deference is often paid to an agency's expertise in interpreting its own statutes and rules. *See Cable Communications,* 356 N.W.2d at 668. We agree with the commissioner's conclusion that La Fonda's actions violated the tip sharing statutes and rules and the Department rule prohibiting deductions for shortages and losses.

3. La Fonda claims that the Department exceeded its authority when it ordered the repayment of wages withheld due to the tip credit. There are two issues here that must be addressed: (a) the interrelation of the separate statutes and rules; and (b) the limits of the Department's authority.

a. *Interrelation of the statutes and rules.*

▮ The 1984 statutes indicate that mandatory tip sharing is not allowed. *See* Minn.Stat. § 177.24, subd. 3 (1984). A rule promulgated by the Department prohibits deductions from an employee's wages for certain losses or shortages. *See* Minn.R. 5200.0090 (1983). A separate statute allows an employer to pay tipped employees less than the minimum wage under certain circumstances:

An employee who received $35 or more per month in gratuities is a tipped employee. An employer is entitled to a credit of up to 20 percent of the minimum wage which a tipped employee receives. The credit against the wages due may not be taken until the employer has received a signed statement for that pay period from the tipped employee stating that he did receive and retain during that pay period *all* gratuities received by him in an amount equal to or greater than the credit applied against the wages due by his employer. The employer shall maintain the statements as part of his business records.

Minn.Stat. § 177.295 (1984) (emphasis supplied).

The commissioner found that because La Fonda had violated the tip sharing statute and the loss/shortage rule, the restaurant was therefore not entitled to the tip credit for that period.

There is no indication in either statute or rule that violation of the loss/shortage rule by an employer should result in a loss of the tip credit. However, the loss of the tip credit is an appropriate remedy for violation of the tip sharing rule. The tip credit statute provides that an employee must receive and retain all gratuities received by him in an amount equal to or greater than the tip credit allowed the employer. Here, where employees were required to share their tips, they obviously did not retain all of those gratuities.

In addition, the rules provide that:

Tip pooling may not be a condition of employment. Tipsharing or pooling shall be on an individual person-to-person basis. *Another employee who benefits because the recipient shares the gratuity with him or her shall not have such remuneration considered in the calculation of his or her wages.*

Minn.R. 5200.0080, subp. 4 (1983) (emphasis supplied). Subpart 9 of the same rule provides that "[t]ip credit may only be claimed or allowed consistent with the provisions of this part." *Id.* subp. 9. This rule indicates that when an employer improperly requires the sharing of tips, the tip credit should be disallowed.

b. *Authority to retroactively order restitution.*

La Fonda argues that the 1984 statutes and rules made no allowance for the commissioner's order requiring restitution to former employees.

The 1984 statutes clearly set forth several remedies for violation of the statutes

concerning the minimum wage. Section 177.27 provided for the issuance of compliance orders by the commissioner and challenges thereto by means of a public hearing. *See* Minn.Stat. § 177.27, subd. 3 (1984). The commissioner also had the power to investigate, mediate and settle wage claims. *Id.* subd. 4. Under certain limited circumstances, the commissioner could commence a civil action in court on behalf of an employee:

> When an employee files a written request with the commissioner, the commissioner may commence a civil action in any court of competent jurisdiction for the benefit of the employee for appropriate relief with respect to a wage claim which the commissioner finds valid provided: (1) the failure to pay the wage would constitute a violation of Minnesota laws, rules, or department orders, and (2) the wage claim does not exceed $300. * * *This section does not prevent an employee from prosecuting his own claim for wages.*

*Id.* subd. 5 (emphasis supplied.) As emphasized, an employee could hire counsel and pursue an independent claim for wages. The employee's remedies were explicitly outlined in section 177.33:

> An employer who pays an employee less than the wages and overtime compensation to which the employee is entitled under sections 177.21 to 177.35 is liable to the employee for the full amount of the wages and overtime compensation, less any amount actually paid to the employee by the employer, for an additional equal amount as liquidated damages and for costs and reasonable attorney's fees allowed by the court. An agreement between the employee and the employer to work for less than the applicable wage rate is not a defense to the action. The action may be maintained in any court of competent jurisdiction by one or more employees for himself or themselves.

*Id.* § 177.33.

The above statutes, although providing several methods of redress, did not allow the commissioner to order La Fonda to pay restitution to its former employees. An agency may exercise its power only in the manner authorized by the legislature. *Waller v. Powers Department Store,* 343 N.W.2d 655, 657 (Minn.1984). "Neither agencies nor courts may under the guise of statutory interpretation enlarge the agency's powers beyond that which was contemplated by the legislative body." *Id.* As the Minnesota Supreme Court has stated:

> The legislature states what the agency is to do and how it is to do it. While express statutory authority need not be given a cramped reading, any enlargement of express powers by implication must be fairly drawn and fairly evident from the agency objectives and powers expressly given by the legislature.

*Peoples Natural Gas Co. v. Minnesota Public Utilities Commission,* 369 N.W.2d 530, 534 (Minn.1985). Here the remedy ordered by the commissioner was clearly outside the contemplation of the legislature.

The waitresses' claims for past wages in this case related to the period between March 1982 and March 1984. The hearing on this matter took place in January and February 1985. The administrative law judge's recommendation was issued in April 1985 and the commissioner adopted the administrative law judge's reasoning in his order dated September 5, 1985.

As the parties note, section 177.27 was amended in 1985, effective July 1, 1985. *See* Minn.Stat. § 177.27 (Supp.1985). The new statute eliminated the prior mediation provision and also eliminated the limitations upon actions brought by the commissioner in district court. The new language provides:

> The commissioner may bring an action in the district court where an employer resides or where the commissioner maintains an office to enforce or require compliance with orders issued under subdivision 4.

> Employers are liable to employees for back wages and gratuities as computed by the department or, if contested by the

employer, as awarded in a public hearing. The commissioner may establish escrow accounts for purposes of distributing back wages and gratuities. In addition, hearing costs of up to ten percent of any back wages and gratuities awarded may be assessed against the employer by the administrative law judge and paid to the commissioner if the administrative law judge finds that the employer had no meritorious defense against the claim. The penalty provided under this subdivision for failure to pay back wages and gratuities does not apply to compliance orders issued to an employer under this section before July 1, 1985. This subdivision does not prevent an employee from prosecuting a claim for wages or gratuities.

*Id.* subds. 5, 6. This new language would therefore allow restitution to former employees, as was ordered here.

Although the commissioner relied upon the 1984 statutes when issuing his order, he also suggested in a footnote that the 1985 amendment may be given retroactive effect, since it creates a new remedy, rather than a new right, citing *Wirtz v. W.G. Lockhart Construction Co.*, 230 F.Supp. 823 (N.D.Ohio 1964). In *Wirtz*, a federal court, when faced with a situation similar to the instant case, held that the new remedy could be applied retroactively. *Wirtz*, 230 F.Supp. at 825.

In Minnesota, however, the distinction between statutes that create a new right or wrong and statutes that create a new remedy has not been followed. In an early case the supreme court indicated that a statute which changed the parties with standing to bring a lawsuit would be applied to prior, as well as subsequent, contracts or transactions and resulting actions. *See Tompkins v. Forrestal*, 54 Minn. 119, 125, 55 N.W. 813, 814 (1893). However, in *Chapman v. Davis*, 233 Minn. 62, 45 N.W.2d 822 (1951), the court refused to apply the *Tompkins* ruling, indicating that at the time of *Tompkins* Minn.Stat. § 645.21 had not been enacted. *Davis*, 233 Minn. at 65 n. 2, 45 N.W.2d at 824 n. 1. Section 645.21 provid-

ed that "[n]o law shall be construed to be retroactive unless *clearly* and *manifestly* so intended * * *." (emphasis supplied). The *Chapman* court applied this language, which is identical to the current version of section 645.21, to a situation in which a service of summons statute had been amended, and concluded that the statute should not be applied retroactively. *Id.* at 65–66, 45 N.W.2d at 824. *Chapman* indicated that section 645.21 applies without difference to procedural and substantive laws. *Id.* at 65, 45 N.W.2d at 824 (citing *Ogren v. City of Duluth*, 219 Minn. 555, 18 N.W.2d 535 (1945)). The *Chapman* court also noted that section 645.31 pertaining to amendatory laws provides: "[T]he new provisions [of an amended statute] shall be construed as effective only from the date when the amendment became effective." *Id.* (citing Minn.Stat. § 645.31).

Citing *Chapman* with approval, the court in *Cooper v. Watson*, 290 Minn. 362, 187 N.W.2d 689 (1971), held that a rule requiring a written agreement as a prerequisite to an indemnity claim should not be applied retroactively. *Cooper*, 290 Minn. at 370, 187 N.W.2d at 694. The *Cooper* court reiterated the rule that section 645.21 applies without distinction to laws relating to procedure and those governing substantive rights, and stated that:

> Another definition of a retrospective law is *one intended to affect transactions which occurred, or rights which accrued, before it became operative, and which ascribes to them effects not inherent in their nature, in view of the law in force at the time of their occurrence.*

*Id.* at 369, 187 N.W.2d at 693 (emphasis supplied by *Cooper* court) (quoting 50 Am. Jur., *Statutes* § 476).

In *Muckler v. Buchl*, 276 Minn. 490, 150 N.W.2d 689 (1967), the court held that an increase in the ceiling of recovery for a wrongful death action would not be applied retroactively. *Buchl*, 276 Minn. at 501, 150 N.W.2d at 697. The supreme court has consistently followed its ruling that, whether a statute affects substantive or proce-

dural rights, it may not be applied retroactively unless the legislature so intended. Thus, although the statute in the present situation changed only the procedure for recovery against an employer, the above cases from our supreme court indicate that, in the absence of clear legislative intent, the 1985 language cannot be applied retroactively.

The Department argues that the following underscored language in section 177.27 manifests a clear intent that its provisions be applied retroactively:

> Employers are liable to employees for back wages and gratuities as computed by the department or, if contested by the employer, as awarded in a public hearing. The commissioner may establish escrow accounts for purposes of distributing back wages and gratuities. In addition, hearing costs of up to ten percent of any back wages and gratuities awarded may be assessed against the employer by the administrative law judge and paid to the commissioner if the administrative law judge finds that the employer had no meritorious defense against the claim. *The penalty provided under this subdivision for failure to pay back wages and gratuities does not apply to compliance orders issued to an employer under this section before July 1, 1985.*

Minn.Stat. § 177.27 (supp.1985) (emphasis supplied). The Department claims that the "penalty" here consists of the hearing costs, and that because the legislature has only stated that the penalty does not apply retroactively, the rest of the subdivision *should* be applied retroactively. However, the rest of this subdivision does not deal with compliance orders. Compliance orders are governed by an independent, separate subdivision of the statute, and the commissioner has always had the authority to issue compliance orders. We believe, therefore, that the legislature was merely clarifying the fact that costs could not be assessed for hearings held to challenge those orders. If the legislature wished to make the employer's liability for back wages retroactive, this section does not clearly manifest such an intention.

We recognize that our decision will effectively preclude any recovery by the employees, since any court action commenced under the 1985 statute would be barred by the two year statute of limitations contained in section 541.07(5). *See* Minn.Stat. § 541.07(5) (1984). Nonetheless, as discussed above, the 1984 statute provided several remedies for violation of the minimum wage statutes. While we are sympathetic to the employees' situation, we cannot retroactively allow a remedy that was not authorized at the time of the employees' claim.

Because of our holding that the Department lacked jurisdiction to order restitution, we need not address the remaining issue raised by the parties.

### DECISION

Minn.Stat. § 541.07(5) is not applicable to this proceeding. The commissioner's findings and conclusions concerning La Fonda's violation of the tip-sharing statute and the Department's loss/shortage rule are affirmed. The commissioner did not have authority under the 1984 statutes to order restitution. The 1985 amendment may not be applied retroactively.

Reversed.