**Judith L. MEYER, et al., Appellants,**

v.

**BEST WESTERN SEVILLE PLAZA HOTEL, et al., Respondents.**

No. C6–96–1958.

Court of Appeals of Minnesota.

April 29, 1997.

Review Denied June 26, 1997.

Donald H. Nichols, Paul J. Lukas, Nichols, Kaster & Anderson, Minneapolis, for appellants.

David R. Hols, William F. Mohrman, Christopher P. Chilstrom, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, for respondents.

Considered and decided by KALITOWSKI, P.J., and TOUSSAINT, C.J., and MANSUR, J.*

## OPINION

TOUSSAINT, Chief Judge.

In an action to recover gratuities earned while working for respondents, appellants contend the district court erred in dismissing their complaint as failing to set forth a claim

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

upon which relief could be granted. We affirm.

## FACTS

Appellants Judith Meyer, Karen Wood, Denice Clemons, and Catherine Wood are or were employed by respondent Larken, Inc. as banquet waitresses at Larken's hotels: Best Western Seville Plaza Hotel and Holiday Inn Hotel Northwest. Appellants were not minimum wage employees; they earned approximately $8.00 per hour. Customers of the banquet facilities at these hotels paid a percentage service charge in their bills. Appellants claimed, that if Larken failed to notify the customers properly under Minnesota law that it intended to keep service charges and that the service charge would not be paid to the servers. In their complaint, appellants allege Larken

> retained a portion of all gratuities collected, an obligatory charge which may reasonably be construed as being payment for personal services rendered by [appellants]. * * * [Respondents] failed to note in a clear and conspicuous manner that the gratuity collected was not the property of the employee. * * * This practice violates Minn.Stat. § 177, et seq.

Larken admits its notice to customers that the charge was not property of the employees was not in boldface type, but, Larken contends it provided "clear and conspicuous notice," because the notice was in nine point type.

Appellants sued respondents for violating the Minnesota minimum wage law, seeking to recover the "gratuities" or service charges that have accrued since 1993, along with liquidated damages, attorney fees, and costs pursuant to Minn.Stat. § 177.33 (1994) (enumerating employees' remedies). Respondents filed a motion to dismiss the complaint, pursuant to Minn.R.Civ.P. 12.02, on the basis that the minimum wage law did not provide a private right of action. The district court granted the motion. Appellants then moved for reconsideration or permission to amend the complaint to include common law causes

pointment pursuant to Minn. Const. art. VI, § 10.

of action for conversion and money had and received. Because the court entered judgment before the hearing on the motion for reconsideration, the court considered appellants' motion as one for vacation of judgment and denied it in its entirety.

## ISSUES

1. Did the district court err when it determined that the Minnesota minimum wage law in effect at the time of the hearing did not allow recovery of gratuities in the same way that it allowed recovery of wages and overtime compensation?

2. Did the district court abuse its discretion when it denied appellants' motion to amend the complaint to include common law causes of action for conversion and for money had and received?

## ANALYSIS

■ This appeal arises from a dismissal with prejudice pursuant to Minn.R.Civ.P. 12.02(e). When reviewing a case that has been dismissed on the pleadings, the only question before the appellate court is whether the complaint set forth a legally sufficient claim upon which relief could have been granted. *Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980). Minnesota is a notice pleading state that does not require absolute specificity in pleading, but does require a sufficient basis of facts to notify the opposing party of the claims raised against it. *See* Minn.R.Civ.P. 8.01 (requiring pleading to include "short and plain statement of the claim" showing entitlement to relief); *Roberge v. Cambridge Coop. Creamery Co.*, 243 Minn. 230, 232, 67 N.W.2d 400, 402 (1954) (pleadings must "be framed so as to give fair notice of the claim asserted and permit the application of the doctrine of [r]es judicata"). Appellants base their claims on their interpretation of the Minnesota fair labor standards act (the Act). Unless the statute provides them with a private cause of action, they have no viable claim to litigate.

### 1. Interpretation of minimum wage law

■ Appellants challenge the district court's interpretation of the minimum wage laws. Statutory interpretation is a question of law that this court reviews de novo. *Hibbing Educ. Ass'n v. Public Emp. Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985); *Kedzior v. Norwest Bank*, 527 N.W.2d 119, 121 (Minn.App.1995) (citing *Kronebusch v. MVBA Harvestore Sys.*, 488 N.W.2d 490, 494, *review denied* (Minn. Oct. 20, 1992)), *review denied* (Minn. Mar. 29, 1995).

■ Appellants claim the district court erroneously determined that the minimum wage laws do not provide a remedy for unpaid gratuities. Minn.Stat. §§ 177.21–.35 (1994) govern minimum wages for Minnesota workers and are known as the Minnesota fair labor standards act (the Act). *See* Minn. Stat. § 177.21(Minn.Stat. § 177.21–35 may be cited as the "Minnesota fair labor standards act"). The Act exists to establish and safeguard "minimum wage and overtime compensation standards that maintain workers' health, efficiency, and general well-being." Minn.Stat. § 177.22 (statement of statutory purpose).[1] Appellants base their claim for gratuities on the 1994 remedies statute, which provides:

An employer who pays an employee less than the *wages and overtime compensation* to which the employee is entitled under sections 177.21 to 177.35 is liable to the employee for the full amount of the wages and overtime compensation, less any amount actually paid to the employee by the employer, for an additional equal amount as liquidated damages and for costs and reasonable attorney's fees allowed by the court. An agreement between the employee and the employer to work for less than the applicable wage rate is not a defense to the action. The action may be maintained in any court of competent jurisdiction by one or more employees.

Minn.Stat. § 177.33 (emphasis added).[2] Appellants contend that their claim for unpaid

1. We question the applicability of the minimum wage statute to appellants who were not mini-

mum wage employees; they earned $8.00 per hour.

2. In 1996, the Minnesota Legislature repealed

gratuities falls within section 177.33's provision for recovery of "wages and overtime compensation." We disagree.

The Minnesota courts and legislature have long distinguished between compensation and gratuity. *See Phelps v. Benson,* 252 Minn. 457, 470, 90 N.W.2d 533, 542 (1958) (noting that gratuitously means without compensation); *Brown v. Tonka Corp.,* 519 N.W.2d 474, 477 (Minn.App.1994) (holding that employee's vacation benefits are form of compensation for services rendered and are not gratuity). The Act also distinguishes the terms by their definitions. Wages are:

> [C]ompensation due to an employee by reason of employment, payable in legal tender of the United States, check on banks convertible into cash on demand at full face value or, except for instances of written objection to the employer by the employee, direct deposit to the employee's choice of demand deposit account, subject to allowances permitted by rules of the department under section 177.28.

Minn.Stat. § 177.23, subd. 4. Whereas the Act defines gratuities as:

> [M]onetary contributions received directly or indirectly by an employee from a guest, patron, or customer for services rendered and includes an obligatory charge assessed to customers, guests, or patrons which might reasonably be construed by the guest, customer, or patron as being a payment for personal services rendered by an employee and for which no clear and conspicuous notice is given by the employer to the customer, guest, or patron that the charge is not the property of the employee.

Minn.Stat. § 177.23, subd. 9. Further, the Act specifically separates gratuities from wages when it mandates that an employer may not directly or indirectly utilize gratuities as payment of the minimum wage in Minn.Stat. § 177.24, subd. 2.

■ Despite appellants' efforts to construe the remedy statute to allow recovery of unpaid gratuities, the statute on its face does not allow it. When the plain, unambiguous

language of a statute clearly reflects the intention of the legislature, the court need not and may not interpret the language. *Phelps v. Commonwealth Land Title Ins. Co.,* 537 N.W.2d 271, 274 (Minn.1995) (citing *Lenz v. Coon Creek Watershed Dist.,* 278 Minn. 1, 9, 153 N.W.2d 209, 216 (1967)); Minn.Stat. § 645.16 (1996). The supreme court reminds us that:

> The legislature defines a term only because it intends in some measure to depart from the ordinary sense of that term. Thus, there is a presumption that we are not to substitute the literal, ordinary meaning of * * * [a term] for the definition the legislature has provided.

*United States Jaycees v. McClure,* 305 N.W.2d 764, 766 (Minn.1981). The plain language of section 177.33 is clear and unambiguous, (1) it allows recovery only of "wages and overtime compensation," (2) defines those terms for clarity, and (3) does not include gratuities in the definition of wages.

Appellants next argue that a recent legislative amendment to the Act is proof that employees had a right to recover gratuities under section 177.33, the statute in effect at the time the district court made its ruling here. We may not refer to legislative history to construe section 177.33, however, because it is not ambiguous. *See* Minn.Stat. § 645.16 (court may not disregard letter of the law).

■ More importantly, appellants erroneously seek retroactive application of the amended statute, Minn.Stat. § 177.27, subd. 8 (1996). "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1996); *see also Baron v. Lens Crafters, Inc.,* 514 N.W.2d 305, 307 (Minn. App.1994) (court will apply statute prospectively absent clear indication of legislature's intent to give statutory amendment retroactive application). The legislature did not include a special enactment date nor did it prescribe retroactive application of the statute. In fact, the amendment to the Act took

section 177.33 and expanded an employee's right to bring a civil action and seek remedies under Minn.Stat. § 177.27, subd. 8 (1996). *See* 1996 Minn.Laws ch. 386, §§ 1–6 (enacting section

177.27, subdivision 8); § 13 (repealing section 177.33). We apply the 1994 statute here because it was in effect at the time the trial court decided this case.

effect on August 1, 1996, after appellants had brought this action and received a ruling from the court. *See* Minn.Stat. § 645.31 (1996) (legislative amendments "shall be construed as effective only from the date when the amendment became effective"). Consequently, the fact that the Act now establishes an employee's right to recover gratuities does not further appellants' claim. *See In re Wage & Hour Violations of Holly Inn, Inc.,* 386 N.W.2d 305, 312 (Minn.App.1986) (holding that, absent clear legislative intent, court will not apply statute retroactively, even when it creates new remedy).

■ Appellants next interpret *Holly Inn* to provide a private cause of action for the recovery of gratuities. There, two waitresses complained that a restaurant had violated the Act by failing to pay them minimum wage, requiring them to pool tips, and holding them responsible for revenue shortages. *Id.* at 307. The Commissioner ordered the restaurant to make restitution to the waitresses. *Id.* This court reversed, holding that the remedy ordered was outside the Act's provisions. *Id.* at 313. In so holding, the court noted the Act allowed either the Commissioner to bring a civil action on behalf of the employees under certain limited circumstances or the employees to "prosecut[e] [their] own claim for wages." *Id.* (quoting Minn.Stat. § 177.27, subd. 5 (1984)). Appellants focus on this language from the court: "[A]n employee could hire counsel and pursue an independent claim for wages." *Id.*

That language affirms an employee's right to civil action for recovery of wages. The court repeatedly referred to the waitresses' claim for "the difference between the wages paid and the minimum wage," "repayment of wages withheld due to the tip credit," and "past wages." *Id.* at 307, 310, 311. But that language shows the court's decision is based on wages and does not further appellants' case for recovery of gratuities.[3]

The district court properly ruled that the remedy statute in effect at the time of the hearing did not provide employees the right to recover gratuities from an employer.

## 2. Motion to Amend

Appellants contend the district court abused its discretion when it (1) applied the wrong standard, and (2) denied their motion to amend the complaint to include claims for conversion and money had and received. Appellants argue that Minn.R.Civ.P. 15.01 should have controlled. We disagree.

■ Rule 15.01 allows a party to amend its complaint by leave of court "when justice so requires." Here, however, justice would not require allowing amendment because appellants failed to act with due diligence in their attempts to amend. Even if the court had applied rule 15, appellants would have failed the due diligence requirement because they failed to include the additional claims in their initial complaint and failed to move to amend when respondents moved to dismiss. *See Willmar Gas Co. v. Duininck,* 239 Minn. 173, 176, 58 N.W.2d 197, 199 (1953) (party seeking amendment must move with due diligence in order to get relief) (citing *Sundberg v. Goar,* 92 Minn. 143, 99 N.W. 638 (1904)). Given the procedural posture of this case, the district court properly considered appellants' motion as one for relief from judgment under Minn. R.Civ.P. 60.02.

■ The decision to vacate judgment under rule 60.02 rests within the district court's discretion and will not be reversed absent an abuse of that discretion. *Bush Terrace Homeowners Ass'n, Inc. v. Ridgeway,* 437 N.W.2d 765, 770 (Minn.App.1989) (citing *Richardson v. Employers Mut. Cas. Co.,* 424 N.W.2d 317, 320 (Minn.App.1988), *review denied* (Minn. Aug. 24, 1988)), *review denied* (Minn. June 9, 1989). A party is entitled to relief from judgment for excusable neglect if they can show a reasonable claim on the merits, a reasonable excuse for their neglect, due diligence after entry of judgment, and no substantial prejudice to the other party. *Hinz v. Northland Milk & Ice*

---

3. Appellants have included in their appendix certain pages from the *Holly Inn* district court file that allegedly demonstrate the waitresses' claims for gratuities. *Holly Inn* gives us no indication, however, of what impact, if any, that evidence had on the decision of the ALJ, commissioner, or appellate court. Without any context or ruling surrounding that evidence, it's inappropriate for this court to judge its meaning and use it as the basis for our interpretation of *Holly Inn.*

*Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952).

Appellants failed to establish the factors for relief from judgment *see* Minn. R.Civ.P. 60.02 (establishing reasons to allow relief from final judgment). The district court focused on appellants' neglect in moving to amend in a timely manner. *See Willmar Gas Co.,* 239 Minn. at 176, 58 N.W.2d at 199 (party moving for amendment must use due diligence) (citing *Sundberg v. Goar, 92* Minn. 143, 99 N.W. 638 (1904)). Minn. R.Civ.P. 60.02(a) (allowing relief from judgment for excusable neglect). The record shows appellants failed to exercise due diligence because they did not avail themselves of the opportunity to plead the additional claims at the outset or at the time respondents moved to dismiss. Appellants' counsel admitted that they "knew about this [conversion] theory all along," but only brought the motion to amend after they received the order to dismiss the case. The court properly concluded that appellants' present situation was the result of their own doing and, consequently, should not prompt judicial measures to resurrect their claim.

## DECISION

The district court properly interpreted the minimum wage laws in effect at the time of this ruling. Minn.Stat. § 177.33 does not provide an action for recovery of gratuities. The court did not abuse its discretion when it denied appellants' motion to amend and declined to vacate the judgment.

**Affirmed.**