**Vicky OLSON, individually and as representative of all class members, Appellant,**

v.

**MOORHEAD COUNTRY CLUB, Respondent.**

No. C9–97–135.

Court of Appeals of Minnesota.

Sept. 16, 1997.

Review Denied Oct. 31, 1997.

Donald H. Nichols, Paul J. Lukas, Nichols, Kaster & Anderson, Minneapolis, for appellant.

R.B. McLarnan, James E. Nicolai, McLarnan, Hannaher, Vaa, Skatvold & McLarnan, PLLP, Moorhead, for respondent.

Considered and decided by AMUNDSON, P.J., and NORTON and PETERSON, JJ.

## OPINION

PETERSON, Judge.

In this action to recover gratuities earned while working as a food and beverage server for respondent Moorhead Country Club, appellant Vicky Olson argues that the district court erred in denying her motion to amend the complaint by adding causes of action for conversion and money had and received. We affirm.

## FACTS

Olson was employed as a food and beverage server by the Moorhead Country Club. During her employment, the Moorhead Country Club added an obligatory service charge to its customers' bills. Olson brought this action under the Minnesota Fair Labor Standards Act (MFLSA) alleging that the Moorhead Country Club illegally withheld the service charge from her without giving clear and conspicuous notice to customers that the service charge was not the property of the employee providing the service. Olson moved to amend the complaint by adding common law causes of action for conversion and money had and received. The Moorhead Country Club moved to dismiss for failure to state a claim. The district court denied Olson's motion and granted the Moorhead Country Club's motion.

After the district court acted, this court held in *Meyer v. Best Western Seville Plaza Hotel,* 562 N.W.2d 690 (Minn.App.1997), *review denied* (Minn. June 26, 1997) that Minn. Stat. § 177.33 (1994) did not provide employees a private cause of action for the recovery of unpaid gratuities. The facts alleged in *Meyer* are essentially identical to the facts alleged in this case, and Olson concedes that her argument that employees have a private cause of action under the MFLSA for the unlawful taking of gratuities is identical to the argument rejected by this court in *Meyer.* But Olson contends that *Meyer* did not consider the merits of common law claims of conversion and money had and received, and, therefore, whether these claims can be asserted in a private cause of action is an issue before this court for the first time.

## ISSUE

Did the district court err by denying Olson's motion to amend the complaint by adding causes of action for conversion and money had and received?

## ANALYSIS

 The district court has discretion to decide whether to allow an amendment to the complaint, and its decision will not be reversed absent an abuse of discretion. *Utecht v. Shopko Dep't Store,* 324 N.W.2d 652, 654 (Minn.1982). A party may amend a pleading by leave of court, "and leave shall be freely given when justice so requires." Minn. R. Civ. P. 15.01. "Nonetheless, an amendment to a complaint may properly be denied when the additional alleged claim cannot be maintained." *Hunt v. University of Minn.,* 465 N.W.2d 88, 95 (Minn.App.1991).

Olson sought leave to amend the complaint by adding causes of action for conversion and money had and received.

The elements of common law conversion are (1) the plaintiff has a property interest and (2) the defendant deprives the plaintiff of that interest.

*Lassen v. First Bank Eden Prairie,* 514 N.W.2d 831, 838 (Minn.App.1994), *review denied* (Minn. June 29, 1994).

The theory of * * * money had and received * * * has been invoked in support of claims based upon failure of consider-

ation, fraud, mistake, and in other situations where it would be morally wrong for one party to enrich himself at the expense of another.

*Cady v. Bush*, 283 Minn. 105, 110, 166 N.W.2d 358, 361–62 (1969).

■ Olson's conversion and money had and received claims are based on an employee's right to gratuities under the MFLSA, which provides:

> For purposes of this chapter, any gratuity received by an employee or deposited in or about a place of business for personal services rendered by an employee is the sole property of the employee.

Minn.Stat. § 177.24, subd. 3 (1994). The Act defines gratuities as

> monetary contributions received directly or indirectly by an employee from a guest, patron, or customer for services rendered and includes an obligatory charge assessed to customers, guests or patrons which might reasonably be construed by the guest, customer, or patron as being a payment for personal services rendered by an employee and for which no clear and conspicuous notice is given by the employer to the customer, guest, or patron that the charge is not the property of the employee.

Minn.Stat. § 177.23, subd. 9 (1994).

■ Minn.Stat. § 177.33 (1994) provides employees with a private cause of action to recover wages and overtime compensation. In *Meyer v. Best Western Seville Plaza Hotel*, 562 N.W.2d 690 (Minn.App.1997), *review denied* (Minn. June 26, 1997), this court concluded that because the MFLSA does not include gratuities within the definition of wages, the Act does not provide employees with a private cause of action to recover gratuities.

■ Olson argues that although the MFLSA does not provide employees with a statutory cause of action to recover gratuities, it does not preclude employees from bringing a common law action to recover gratuities. But

> when a statute creates a right which did not exist at common law and provides administrative remedies, those remedies are exclusive.

*Morris v. American Family Mut. Ins. Co.*, 386 N.W.2d 233, 237 n. 8 (Minn.1986) (citing *Patterson v. Globe Am. Cas. Co.*, 101 N.M. 541, 685 P.2d 396, 398 (App.1984)) (holding that Unfair Insurance Practices Act, which set forth an administrative enforcement scheme, did not create a private cause of action against an insurer); *see also Glass Serv. Co. v. State Farm Mut. Auto. Ins. Co.*, 530 N.W.2d 867, 872 (Minn.App.1995) (upholding dismissal of tortious interference with contract claim when claim was based on Unfair Claims Practices Act's requirements and was essentially an attempt to recover damages for insurer's alleged violation of the Act), *review denied* (Minn. June 29, 1995).

Olson does not claim any common law interest in gratuities. The only interest she claims exists under the MFLSA, and the MFLSA sets forth an administrative procedure for collecting unpaid gratuities from an employer. Minn.Stat. § 177.27, subd. 1 (1994) authorizes the Commissioner of Labor and Industry to examine an employer's records "that in any way relate to wages, hours, and other conditions of employment of any employees." Minn.Stat. § 177.27, subd. 4 (1994) authorizes the Commissioner to issue an order requiring compliance with the MFLSA. If an employer contests a compliance order, a public administrative hearing must be held. *Id.* Under the Act,

> [e]mployers are liable to employees for back wages and gratuities as computed by the department or, if contested by the employer, as awarded in a public hearing.

*Id.*, subd. 6 (1994). Finally, Minn.Stat. § 177.27, subd. 5 (1994) authorizes the Commissioner to bring a district court action to enforce a compliance order.

Olson argues that the last sentence in Minn.Stat. § 177.27, subd. 6, which provides that "[t]his subdivision does not prevent an employee from prosecuting a claim for wages or gratuities," shows that the legislature did not intend enforcement of property interests created by the MFLSA to be limited to the enforcement mechanisms provided for in the Act. We agree with the district court's construction of that sentence as applying to claims that are independent of the MFLSA,

such as a claim for gratuities based on an employment contract. Olson could not pursue a claim for conversion or money had and received if she did not have a right to gratuities. Because the only right to gratuities claimed by Olson is a right that exists under the MFLSA, construing the Act to allow Olson to pursue her conversion or money had and received claims would result in the MFLSA creating a private cause of action to recover gratuities. But because the MFLSA creates a right to gratuities that did not exist under the common law and also sets forth an administrative enforcement scheme, such a construction would be contrary to *Morris* and *Glass Serv. Co.*

Cases interpreting the Crime Victims Reparations Act (CVRA) and the Child Abuse Reporting Act (CARA) provide additional support for construing the MFLSA as not allowing a claim for conversion or money had and received. In *Bruegger v. Faribault County Sheriff's Dep't*, 497 N.W.2d 260 (Minn.1993), the sheriff's department breached its statutory duty to inform the parents of a sexual abuse victim of their rights under the CVRA. The supreme court held that the parents could not bring a common law negligence action against the sheriff's department because the department did not owe a common law duty to inform crime victims of their potential rights to recover under the CVRA. *Id.* at 262. The court explained:

> Principles of judicial restraint preclude us from creating a new statutory cause of action that does not exist at common law where the legislature has not either by the statute's express terms or by implication provided for civil tort liability. *See generally Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson*, 272 Minn. 156, 166, 136 N.W.2d 861, 868 (1965) (stating that "statutes are presumed not to alter or modify the common law unless they expressly so provide").

*Id.; see also Valtakis v. Putnam*, 504 N.W.2d 264, 266 (Minn.App.1993) (CARA, which required certain professionals to report suspected child abuse, did not impose a duty giving rise to a common law negligence action). Here, as in *Bruegger* and *Valtakis*, Olson makes no claim that she would have

had an interest in gratuities under the common law prior to the enactment of the MFLSA.

Relying on *Lassen*, 514 N.W.2d at 838 and *Beck v. American Sharecom, Inc.*, 514 N.W.2d 584, 588 (Minn.App.1994), *review denied* (Minn. June 29, 1994), Olson argues that a conversion action may be based on a property interest created by statute. *Lassen* was an action against a bank based on an incomplete endorsement on a check, brought under article 3 of the Uniform Commercial Code, which expressly provided for enforcement through a conversion action. *See* Minn.Stat. § 336.3–419(1)(c) (1990) (bank may be liable in conversion for paying on a forged endorsement); *Lassen*, 514 N.W.2d at 838 (definition of forged endorsement includes an incomplete endorsement). The plaintiff in *Beck* brought an action under article 8 of the UCC, alleging that stock had been improperly transferred. Although the statute did not specifically authorize a conversion action, it did authorize a civil action to recover possession of an improperly transferred security. *See* Minn.Stat. § 336.8–315 (1988). Here, unlike *Lassen* and *Beck*, the statute granting Olson an interest in gratuities did not provide her with a private cause of action to recover unpaid gratuities.

In *In re Wage & Hour Violations of Holly Inn, Inc.*, 386 N.W.2d 305, 312 (Minn.App. 1986), this court stated that an employee could pursue a civil action for wages. Olson argues that because *Holly Inn* involved a claim for gratuities, this court should interpret the case as allowing Olson's conversion and money had and received claims. We disagree because *Holly Inn* is distinguishable from this case in two significant respects. First, in *Holly Inn*, the employer claimed a credit against minimum wages for gratuities received by employees, and at least part of the gratuities were in fact wages. *See id.* at 307, 310 (explaining tip credit claimed by employer). The court's references to the employees' claim for "the difference between the wages paid and the minimum wage," "repayment of wages withheld due to the tip credit," and "past wages" show that the decision is based on an employee's right to recover wages and is inapplicable to

a claim for gratuities. *Meyer,* 562 N.W.2d at 694 (explaining *Holly Inn*). Second, the version of the MFLSA applicable in *Holly Inn* did not provide an administrative procedure to recover wages. *Holly Inn,* 386 N.W.2d at 311. The statute in effect when Olson began this action provided an administrative procedure to recover gratuities. Minn.Stat. § 177.27, subd. 6.

We conclude that when an employee's right to gratuities exists only under the MFLSA, the employee cannot bring an action for conversion or money had and received to recover gratuities.

### DECISION

The district court properly determined that Olson failed to state a claim for conversion or money had and received and, therefore, did not abuse its discretion in denying her motion to amend the complaint.

**Affirmed.**