Heidi **MEYER, et al., Appellants,**

v.

Derek **LINDALA, Respondent,**

**Annandale Congregation of Kingdom Hall of Jehovah's Witnesses, et al., Respondents.**

**No. A03–1142.**

Court of Appeals of Minnesota.

March 9, 2004.

---

3. We note that this unpublished case has no precedential value. *See* Minn.Stat. § 480A.08, subd. 3 (2002).

Cynthia J. Waldt, Jeffrey R. Anderson, Jeff Anderson & Associates, P.A., St. Paul, for appellants.

Linda M. Ojala, Kurzman, Grant & Ojala, Minneapolis, for respondent Lindala.

Lindsay G. Arthur, Jr., Sally J. Ferguson, Keesha M. Gaskins, Kirsten J. Hansen, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for respondents Annandale Congregation of Kingdom Hall of Jehovah's Witnesses and Watchtower Bible and Tract Society of New York.

Considered and decided by SCHUMACHER, Presiding Judge; and WILLIS, Judge; and WRIGHT, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellants Heidi Meyer and Jane L A Doe challenge the district court's grant of summary judgment in favor of respondents Annandale Congregation of Kingdom Hall of Jehovah's Witnesses (Annandale Congregation) and Watchtower Bible and Tract Society of New York, Inc. (Watchtower). Meyer and Doe argue Annandale Congregation and Watchtower owed a common law duty of care, had a special relationship with Meyer and Doe giving rise to a special duty of care, and are liable for negligence because they failed to report child abuse as mandated under Minn.Stat. § 626.556 (2000)[1]. Annandale Congregation and Watchtower argue the Establishment Clause of the First Amendment to the United States Constitution precludes subject matter jurisdiction. We affirm.

## FACTS

During the times of the alleged wrongdoing, Meyer and Doe, their parents, and respondent Derek Lindala were members of Annandale Congregation, a congregation of the Jehovah's Witnesses. Annandale Congregation is managed by Watchtower's governing body. The governing body has authority over every person and all matters in Annandale Congregation, in-

---

1. We note Meyer and Doe allege Annandale Congregation and Watchtower breached duties imposed under versions of the Minnesota child abuse reporting statutes in effect from 1989 to 1994 but brought suit against them in July 2002. Thus, the case is governed primarily by Minn.Stat. § 626.556 (2000). Because the 2000 version of the reporting statute is substantively the same as that in previous years, we cite the 2000 version of the reporting statute in this opinion.

cluding discipline of individual members and furthering the overall welfare of the congregation. The governing body appoints elders to each congregation, including Annandale Congregation, to act as spiritual leaders.

Meyer and Doe state that Jehovah's Witnesses doctrine requires members "to associate only with other members of the Jehovah's Witnesses organization and avoid association with other people who are not Jehovah's Witnesses." In their depositions, Meyer and Doe stated that members are expected to bring all allegations of wrongdoing to congregation elders. If a member makes an allegation of wrongdoing to anyone other than an elder, including law enforcement, that person can be accused of gossip or slander, which are punishable offenses within the organization. According to Jehovah's Witnesses doctrine, wrongdoing cannot be proven without two eyewitnesses to the wrongful act, nondisputable evidence, or confession by the wrongdoer. According to Richard Olson, the presiding overseer of Annandale Congregation, upon hearing allegations of child abuse, the elders of Annandale Congregation contact legal counsel at Watchtower and make a report to authorities if directed to do so by counsel.

According to affiant Rebecca Mumford, in approximately 1989 the elders of Annandale Congregation received information that Lindala had sexually abused his younger sister. At the time, Mumford was a Jehovah's Witness and friend to Lindala's sister. Lindala was approximately 17 years old and his sister was six years old. The elders investigated the allegation, did not immediately report the information to law enforcement, and allowed Lindala to continue as a member of Annandale Congregation.

From 1989 to 1992, Meyer was repeatedly sexually assaulted by Lindala while she was between the ages of 10 and 12. The abuse occurred at various locations, including Lindala's parents' home. Meyer reported the abuse to her parents in approximately 1994. Meyer and her father then reported the abuse to elders of Annandale Congregation. Watchtower was also informed. The elders instructed Meyer not to report the abuse to anyone and threatened she would be "disfellowed" if she did so. Disfellowship is the act of excommunication from the organization.

In 1991, while she was 10 or 11 years old, Doe was sexually assaulted by Lindala. The incident took place in the basement of Lindala's parents' home. Doe and her father immediately reported the incident to elders of Annandale Congregation. The elders told Doe and her father they would be investigating the allegation and threatened Doe and her father with disfellowship if they reported the matter to anyone, including other congregation members or the police. Watchtower was informed of the incident by letter in December 1993.

On July 1, 2002, Meyer and Doe commenced a lawsuit in Wright County District Court against Lindala, Annandale Congregation, and Watchtower. The suit alleged sexual battery of both Meyer and Doe by Lindala. The suit also alleged negligence by Annandale Congregation and Watchtower, arguing the parties were liable for not taking action to report Lindala's conduct to authorities and by holding him out to Annandale Congregation as an appropriate person with whom to associate. On motion by Annandale Congregation and Watchtower, the district court granted summary judgment on the claim of negligence. The court found Meyer and Doe had not shown a special relationship existed between the parties, Annandale Congregation and Watchtower did not owe Meyer and Doe a duty of care, and their

injuries were not proximately caused by Annandale Congregation or Watchtower. The court also held any failure to comply with Chapter 626 of Minnesota Statutes on the part of Annandale Congregation and Watchtower did not create a private cause of action.

## ISSUES

1. Does the Establishment Clause of the First Amendment to the United States Constitution prohibit judicial consideration of Meyer and Doe's claims for negligence?

2. Did the district court err by granting Annandale Congregation and Watchtower's motion for summary judgment, finding there was no duty of care owed to Meyer and Doe by Annandale Congregation and Watchtower?

3. Did the district court err by granting Annandale Congregation and Watchtower's motion for summary judgment, finding Minn.Stat. § 626.556 does not provide for a civil cause of action for failure to report known child abuse?

## ANALYSIS

■ 1. Annandale Congregation and Watchtower argue the Establishment Clause of the First Amendment to the United States Constitution precludes subject matter jurisdiction. Constitutional questions should not be decided unless doing so is necessary "to dispose of the case at bar." *State v. Hoyt*, 304 N.W.2d 884, 888 (Minn.1981). Because we decide this case on other grounds, we do not address the merit of this claim.

2. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). "On an appeal from summary judg-

ment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990).

■ The basic elements of a negligence claim are (1) the existence of a duty, (2) breach of that duty, (3) injury proximately caused by the breach, and (4) damages. *Schweich v. Ziegler, Inc.,* 463 N.W.2d 722, 729 (Minn.1990). Meyer and Doe argue Annandale Congregation and Watchtower owed a duty to protect them from Lindala after they learned in 1989 that he had sexually assaulted a child because they had control over investigating the allegations of wrongdoing, reporting child abuse to authorities, and informing congregants that Lindala was not a safe person with whom to associate. But an affirmative duty to act only arises when a special relationship exists between the parties. "The fact that an actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action ... unless a special relationship exists ... between the actor and the other which gives the other the right to protection." *Harper v. Herman*, 499 N.W.2d 472, 474 (Minn.1993) (alteration in original) (quotation omitted). Meyer and Doe must first prove that a special relationship existed between the parties that placed an affirmative duty to act on the part of Annandale Congregation and Watchtower.

■ A special relationship exists where one party has custody of another under circumstances that deprive the other of normal opportunities for self-protection. *Harper*, 499 N.W.2d at 474. "Typically, the plaintiff is in some respect particularly vulnerable and dependent on the defen-

dant, who in turn holds considerable power over the plaintiff's welfare." *Donaldson v. Young Women's Christian Assoc. of Duluth,* 539 N.W.2d 789, 792 (Minn.1995).

■ Here, Meyer and Doe argue the district court erred in finding there was no special relationship between Meyer and Doe and Annandale Congregation and Watchtower. Meyer and Doe point to the Jehovah's Witnesses doctrine which provides that members rely on congregation elders for all of their concerns, to the specific exclusion of governmental bodies or agencies, as the source of Annandale Congregation and Watchtower's control and therefore a special relationship exists. Meyer and Doe further point to doctrine that members only associate with other Jehovah's Witnesses who are in good standing with the organization, the organization's standard for proof of wrongdoing, and the punishment of disfellowship for gossip or slander. Meyer and Doe argue that this amounts to significant control, which deprived Meyer and Doe of normal opportunities for self-protection.

But, unlike previous cases where a special relationship was found, Annandale Congregation and Watchtower did not have custody or control over Meyer and Doe at the time of the alleged misconduct. The incidents of sexual misconduct took place at Lindala's residence, on a snowmobile, and in an automobile. Meyer and Doe do not argue that the misconduct took place during Annandale Congregation functions or on Annandale Congregation property. *Cf. Delgado v. Lohmar,* 289 N.W.2d 479, 483–84 (Minn.1979) (noting "special relationships exist between parents and children, masters and servants, possessors of land and licensees, common carriers and their customers, or people who have custody of a person with dangerous propensities"). Moreover, Meyer and Doe's contention of control is premised on

faith-based advice given to Meyer, Doe, and other congregants by the elders of Annandale Congregation.

■ Providing faith-based advice or instruction, without more, does not create a special relationship. *Lundman v. McKown,* 530 N.W.2d 807, 821–26 (Minn. App.1995) (finding no special relationship between Christian Science church and critically ill child who died, where church's teachings inspired parent to care for child through prayer, and parent, when hiring Christian Science nurse, relied on church's listing of individuals that met requirements for faith-based care; but finding special relationship where Christian Science nurse accepted responsibility to care for child in his home in return for cash wages), *review denied* (Minn. May 31, 1995). Here, as in *Lundman,* mere knowledge coupled with power is insufficient to impose a duty. *Id.* at 826. "When it comes to restraining religious *conduct,* it is the obligation of the state ... to impose [the] necessary limitations[.]" *Id.*

■ A special duty may also arise where one accepts responsibility to protect another, although there was no initial duty. *Walsh v. Pagra Air Taxi, Inc.,* 282 N.W.2d 567, 570 (Minn.1979) (finding special duty where city, while having no affirmative duty to assist in preservation of private property, voluntarily undertook to render fire protection services to airport users); *Abresch v. Northwestern Bell Tel. Co.,* 246 Minn. 408, 414, 75 N.W.2d 206, 210 (Minn. 1956) (finding special duty where telephone company has held itself out to public as willing to convey messages in case of certain emergencies such as fire).

■ Here, Meyer and Doe again point to the organization's doctrine that requires members to bring complaints exclusively to the attention of elders and argue that this is a voluntary undertaking of an affir-

mative duty to investigate allegations of wrongdoing and protect congregants from future wrongful acts. We disagree. Annandale Congregation and Watchtower espoused religious faith and doctrine and, according to Meyer and Doe, threatened excommunication for failure to adhere to that doctrine. By doing so, Annandale Congregation and Watchtower did not assume a duty owed to Meyer and Doe but rather acted within their constitutional right to religious freedom, which includes the authority to "independently decide matters of faith and doctrine" and "to believe and speak what it will." *Lundman,* 530 N.W.2d at 826.

The district court did not err in finding a special relationship did not exist between the parties. Because there is no special relationship, there is no duty, and we need not reach the issues of breach or causation. The district court did not err in applying the law or in granting Annandale Congregation and Watchtower's motion for summary judgment.

█ 3. Meyer and Doe's brief to this court argues Annandale Congregation and Watchtower's failure to report abuse, in violation of Minnesota's child abuse reporting act, is negligence per se. *See* Minn. Stat. § 626.556 (requiring certain professionals to report to welfare agencies or police suspected neglect, physical abuse, or sexual abuse of children and providing that failure to report as mandated is misdemeanor). In their reply brief, Meyer and Doe argue they do not claim that a violation of the reporting statute is "negligence," but rather argue "violation of the statute is *evidence* of negligence per se." (Alteration in original.) We disagree. This court previously determined that section 626.556 does not create a private cause of action for violation of its reporting requirements or create a duty which could be enforced through a common-law negligence action. *See Valtakis v. Putnam,* 504 N.W.2d 264, 266 (Minn.App.1993) (refusing to impose civil remedy for violation of Minn.Stat. § 626.556 (1990) where legislature provided criminal remedy and did not provide civil remedy).

## DECISION

The district court did not err in finding there was no special relationship between the parties and therefore no duty owed. Annandale Congregation and Watchtower are entitled to summary judgment as a matter of law. Failure of Annandale Congregation and Watchtower to comply with Minn.Stat. § 626.556 did not create a private cause of action.

**Affirmed.**