# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2061

_____

Sharon K. Palmer, on behalf of        *
herself and all others similarly situated, *
                                      *
                                      *
            Appellant,                *
                                      *
    v.                                *
                                      *
Illinois Farmers Insurance Company,    *
                                      *
            Appellee.                  *
                                      *


_____

No. 11-2064

_____

Sandra Kluessendorf, on behalf of     *
herself and all others similarly situated, *
                                      *
            Appellant,                *
                                      *
    v.                                *
                                      *
Progressive Preferred Insurance        *
Company,                              *
                                      *
            Appellee.                  *
                                      *

Appeals from the United States
District Court for the
District of Minnesota.

_____

No. 11-2065

_____

Michael Hara, on behalf of himself     *
and all others similarly situated,     *
    *
         Appellant,     *
    *
      v.     *
    *
USAA Casualty Insurance Company,     *
    *
         Appellee.     *
    *

_____

No. 11-2067

_____

David Johnson, on behalf of himself     *
and all others similarly situated,     *
    *
         Appellant,     *
    *
      v.     *
    *
American Family Mutual Insurance     *
Company,     *
    *
         Appellee.     *

_____

Submitted: December 13, 2011
Filed: February 2, 2012

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Minnesota residents Sharon Palmer, Sandra Kluessendorf, Michael Hara, and David Johnson (insureds) filed class action complaints against their automobile insurers, Illinois Farmers Insurance Company, Progressive Preferred Insurance Company, USAA Casualty Insurance Company, and American Family Mutual Insurance Company respectively. They alleged 1) violations of a Minnesota statute requiring insurers to provide a discount for cars which have antitheft devices and 2) breach of contract claims based on the failure to apply the statutory discount. Minn. Stat. § 65B.285. The district court[1] granted motions to dismiss the complaints, and the insureds appeal. We affirm in all four consolidated appeals.

I.

Palmer, Kluessendorf, Hara, and Johnson are Minnesota residents who each purchased automobile insurance from one of the defendant insurer companies. They filed nearly identical class action complaints alleging that their insurers had failed to comply with the statutory requirement that "[a]n insurer . . . provide an appropriate premium reduction of at least five percent on the comprehensive coverage on a policy of private passenger vehicle insurance . . . to an insured whose vehicle is equipped with an authorized antitheft protection device." Minn. Stat. § 65B.285, subdiv. 2. The statute defines an authorized antitheft protection device as equipment activated if a locked car is entered without a key which causes an alarm to sound, the horn to honk, the lights to flash, or the car to be inoperable. Minn. Stat. § 65B.285, subdiv. 1. The insureds asserted claims directly under Minn. Stat. § 65B.285 and for breach

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

-3-

of contract. They did not allege that they had informed their insurers they had such devices on their cars, but they did allege that the insurers had in their possession information about the standard equipment on their cars through sources routinely used by insurance companies to assess risk, comply with reporting requirements, and determine premiums.

The insurers moved to dismiss, arguing that § 65B.285 does not create a private right of action and that the insureds cannot circumvent this bar by "relabel[ing]" their claim as breach of contract. The district court agreed that § 65B.285 does not create a private right of action and dismissed the statutory claims. The district court then concluded that while there is contractual language supporting independent claims for breach of contract based on the insurers' alleged failure to apply the discounts, the insureds had failed to state a claim for breach of contract because the statute does not require insurers to conduct their own investigation into the standard antitheft equipment on insureds' cars.

On appeal the insureds assert that in dismissing their breach of contract claims the district court erred procedurally, interpreted the statute incorrectly, and failed to view the factual allegations in their complaint in the light most favorable to them. The insurers also challenge the district court's decision and argue that it erred in concluding that the insureds could bring breach of contract claims based on a violation of § 65B.285 because the statute does not include a private right of action provision.

We review the district court's grant of motions to dismiss de novo, taking all allegations in the complaint as true and drawing all reasonable inferences in favor of the non moving party. O'Neal v. State Farm Fire & Cas. Co., 630 F.3d 1075, 1077 (8th Cir. 2011). We also review de novo the district court's interpretation of an insurance policy, Spirtas Co. v. Fed. Ins. Co., 521 F.3d 833, 835 (8th Cir. 2008), and

its interpretation of the Minnesota statutes. Alpine Glass, Inc. v. Ill. Farmers Ins. Co., 643 F.3d 659, 664 (8th Cir. 2011).

## II.

The insureds do not directly challenge the district court's conclusion that § 65B.285 does not create a private right of action. See Becker v. Mayo Found., 737 N.W.2d 200, 207–09 (Minn. 2007); Morris v. Am. Family Mut. Ins. Co., 386 N.W.2d 233, 237–38 (Minn. 1986). The insureds nevertheless seek to bring breach of contract claims premised on violations of that statute.

### A.

Insurance companies operating within Minnesota are subject to a detailed regulatory scheme created by the legislature. The Commissioner of Commerce is charged with enforcing the state's insurance laws and may undertake periodic examinations of insurers. Minn. Stat. §§ 60A.03, 60A.031. Commerce officials can examine insurers "at any time and for any reason related to the enforcement of insurance laws." Minn. Stat. § 60A.031, subdiv. 1(1). Insurers are required to file proposed rates and policy documents with the Department of Commerce before the rates and policies take effect. Minn. Stat. § 70A.06, subdivs. 1, 2.

The Department of Commerce can require supporting documentation including statistical and actuarial information and can withhold approval of excessive or discriminatory rates. Minn. Stat. §§ 70A.04, subdiv. 1, 70A.06, subdivs. 1, 2. It can also initiate enforcement proceedings if an insurer has charged illegal or improper rates and seek administrative remedies including fines for violations of the state's insurance laws of $50 for each violation or $500 if the violation was willful. Minn. Stat. § 70A.21. The department can also suspend an insurer's license until it complies with any order issued by the Commissioner. Id. Insurance officers and agents are

also subject to criminal liability for willful violation of Minnesota's insurance law. Minn. Stat. § 72A.02.

Insurers are required upon written request to provide insureds all pertinent information about their rates. Minn. Stat. § 70A.19. The insurance company must also provide an official avenue of review "whereby any person aggrieved by the application of its rating system may be heard" within 30 days of the request. Id. The insured can then appeal the denial of her request to the Commissioner of Commerce who must hold a hearing and affirm or reverse the insurer's action. Id. An insurer which is found to use an excessive or discriminatory rate must refund the insured the excess premium plus interest. Minn. Stat. § 70A.11. The insureds in this case do not challenge the adequacy of the remedies or enforcement measures provided in the insurance regulations.

B.

The insureds cite Olson v. Moorhead Country Club, 568 N.W.2d 871, 873–74 (Minn. Ct. App. 1997), in support of their claims. Olson considered a common law claim for conversion based on a violation of the Minnesota Fair Labor Standards Act for which there was no private right of action. The court stated there that such a claim might nonetheless be possible if an employment contract created a right to gratuities "independent of" the statute. Id. The insureds argue that two provisions in each of their insurance policies give rise to their claims for breach of contract. Although the language in each policy varies somewhat, one is a type of provision referred to as a "conformity clause" which generally states that if a policy term conflicts with Minnesota law it will be deemed amended to conform to that law.[2] The second type of provision states that the insurer will calculate a premium based on

---

[2]Insured Hara did not allege that the policy from USAA Casualty Insurance Company included a conformity clause.

"information [the insurer] ha[s] received from [the insured] or other sources," or from "information in [the insurer's] possession."[3]

The Minnesota Supreme Court has not decided whether such contract language would support a breach of contract action based on the failure to provide a discount when § 65B.285 does not provide a private right of action. Because our task in this diversity action is to follow Minnesota law even on an undecided point, we look to related decisions by the state's highest court and by the intermediate court of appeals. See United Fire & Cas. Ins. Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003).

The decisions by Minnesota courts indicate that they generally defer to the Commissioner of Commerce to enforce the state's comprehensive scheme for insurance regulation. These cases do not favor private rights of action or parallel common law claims. While considering enforcement of the state's insurance regulatory scheme, the Minnesota Supreme Court concluded in Morris that the Unfair Claims Practices Act governing insurers did not create a private right of action. The court explained that "when a statute creates a right which did not exist at common law and provides administrative remedies, those remedies are exclusive." 386 N.W.2d 233, 237–38 & n.8.[4] Following Morris, the court of appeals has in several cases rejected common law causes of action based on violations of statutes which provide

[3]Insured Johnson did not allege that the policy from American Family Mutual Insurance Company included similar language.

[4]The Minnesota Supreme Court has also declined to consider breach of contract claims related to insurance and utility regulations because doing so would interfere with the Department of Commerce's business of ratemaking and create disparate classes of ratepayers through damage awards. Hoffman v. N. States Power Co., 764 N.W.2d 34, 46–48 (Minn. 2009); Schermer v. State Farm & Cas. Ins. Co., 721 N.W.2d 307, 314–17 (Minn. 2006) (discussing concerns over separation of powers, legislative intent, and justiciability).

no private right of action. The court refused to recognize a conversion claim based on the Minnesota Fair Labor Standards Act, Olson, 568 N.W.2d at 873–74, a tortious interference with contract claim predicated on the Unfair Claims Practices Act, Glass Serv. Co. v. State Farm Mut. Auto Ins. Co., 530 N.W.2d 867, 872 (Minn. Ct. App. 1995), and an unjust enrichment cause of action challenging utility rates and brought outside the administrative procedure established by statute. H.J. Inc. v. Nw. Bell Corp., 420 N.W.2d 673, 676 (Minn. Ct. App. 1988).

In a case of special interest here, the court of appeals has expressly rejected a breach of contract claim based on the violation of an insurance regulation. Schermer v. State Farm & Cas. Ins. Co., 702 N.W.2d 898, 905 (Minn. Ct. App. 2005), aff'd on other grounds, 721 N.W.2d 307 (Minn. 2006). The court concluded there that "the law is settled that a litigant cannot . . . use an alleged violation of [the Unfair Claims Practices Act] to prove elements of a common law claim."

Our court has long recognized the special role of the Minnesota Commissioner of Commerce. We have declined to create a judicial avenue to enforce the state's statutes when the Minnesota legislature has not. In Jader v. Principal Mutual Life Insurance Co., 975 F.2d 525, 526 (8th Cir. 1992), an insured sought no fault auto insurance benefits because the insurer had failed to provide a corresponding premium reduction as mandated by Minn. Stat. § 65B.61, subdivision 3. We affirmed summary judgment for the insurer, recognizing the "comprehensive scheme of insurance regulation which gave broad powers to the Commissioner of Commerce" and concluding that there was no private right of action under the no fault statute. Id. at 527–28. We likewise dismissed a claim brought under the Racketeer Influenced and Corrupt Organizations Act (RICO) against a bank procuring insurance in violation of the Unfair Claims Practices Act. As the court explained, "Minnesota has determined that its insurance market can best be regulated by the Commissioner's pursuit of fines and injunctive relief," and RICO remedies would frustrate this regulatory scheme. Doe v. Norwest Bank Minn., N.A., 107 F.3d 1297, 1300,

-8-

1307–08 (8th Cir. 1997) (construing McCarran-Ferguson Act); see also LaBarre v. Credit Acceptance Corp., 175 F.3d 640, 643 (8th Cir. 1999) (same).

The insureds' breach of contract claims must thus be considered in the context of Minnesota's comprehensive regulatory scheme and the historical deference Minnesota courts have accorded the Commissioner of Commerce in enforcing the law in this area. The regulations allow insureds to challenge their rates and seek remedies, and also allow the Commissioner to levy civil and criminal penalties for illegal and improper rates. Schermer, 702 N.W.2d at 903–04. Nothing in the record indicates that the insureds sought administrative review and compensatory damages or alerted the Commissioner or Attorney General to the alleged violations of Minnesota's insurance law. Instead, the insureds have brought class action complaints for breach of contract. The contract terms in the insurance policies here are not sufficiently specific to overcome the Minnesota courts' reluctance to intervene in the administrative scheme of enforcement and create a contractual duty distinct from the statutory mandate.

No Minnesota case has recognized an insurer's contractual obligation on terms such as those advanced here. In a foreclosure action alleging a violation of the Farm Credit Act and a mortgage agreement stating that it was "subject to" that act, the court of appeals noted that the Act had not created a private right of action and stated that the contract language was "insufficient to create rights or obligations in the parties, and cannot support a breach of contract action." Burgmeier v. Farm Credit Bank of St. Paul, 499 N.W.2d 43, 47 (Minn. Ct. App. 1993). The court of appeals also declined to incorporate statutory terms from the state's Fair Labor Standards Act into an oral contract while discussing the limited role state statutes play in interpreting ambiguous contractual terms. It explained that the state statutes shall not be considered "a silent factor in every contract executed in [the state]." Rios v. Jennie-O Turkey Store, Inc., 793 N.W.2d 309, 316 (Minn. Ct. App. 2011). The provisions the insureds cite are less specific than the language rejected in Burgmeier and would only

-9-

give rise to a distinct contractual obligation to apply the 5% discount if we incorporated the statutory language in its entirety contrary to <u>Rios</u>.

In the absence of antitheft protection language in appellants' contracts specifying an independent right to the discount they seek, their claims for breach attempt to circumvent Minnesota's administrative remedies and create a private right of action when the legislature has not. Similar attempts have been rejected by Minnesota's courts in other cases, <u>e.g.</u> <u>Schermer</u>, 702 N.W.2d at 905 (violation of Unfair Claims Practices Act "styled" as breach of contract), and by our court. <u>MM&S Fin., Inc. v. Nat'l Assoc. of Sec. Dealers, Inc.</u>, 364 F.3d 908, 911–12 (8th Cir. 2004) (violation of Exchange Act with no private cause of action "recast" as breach of contract). We therefore reject the insureds' attempts here, particularly in the absence of any indication that Minnesota's administrative remedies are inadequate. For these reasons, we affirm the district court's dismissal of the insureds' amended complaints.

Accordingly, the judgment of the district court is affirmed.

_____